# United States Bankruptcy Court
## District of Massachusetts

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGE J. RIZKALLA, | ) | Chapter 13 |
| DEBTOR. | ) | Case No.06-41239-JBR |
| _____ | ) | |

**DECISION AND ORDER REGARDING MOTION TO REVIEW COURT ORDER
SUSTAINING CREDITOR'S LIMITED OBJECTION [# 31]**

This matter having come before the Court on the Debtor's Motion to Review the Court Order Sustaining Creditor's Limited Objection (the "Motion") to which there were no responses. After due consideration of the Motion and the underlying pleadings, the Court hereby makes the following findings of fact and conclusions of law:

1.  The Motion is a motion for reconsideration under Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. That Rule permits relief from a judgment or order when there has been clerical mistake and for various reasons set forth in Rule 60(b), including "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Thus a motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2.  In this case the underlying order, entered on the docket on September 20, 2006, sustained the objection to confirmation filed by Citizens Bank of Massachusetts on the grounds that the plan failed to provide proper treatment of Citizens' claim, which was at that time a

secured claim by virtue of a judicial lien.

3.  The Debtor, who had not responded to Citizen's objection to confirmation, filed a motion to avoid Citizens' judicial lien, which the Court allowed, without objection, on October 25, 2006.

3.  The Debtor filed the Motion on December 17, 2007, more than one year after the judicial lien was avoided and only now seeks reconsideration of the September 20, 2006 order because of the changed circumstances.

4.  Rule 60(c)(1) requires that a motion for reconsideration under Rule 60(b) "be made within a reasonable time...."[1]  Arguably the wait of over one year before bringing this Motion is not what the drafters of Rule 60 had in mind.[2]  The Court, however, does not want to punish the Debtor for the procrastination and inattentiveness of his counsel.

For the foregoing reasons, the Motion is hereby ALLOWED.  The Order of September 20, 2006 sustaining the objection to confirmation is VACATED.  The Chapter 13 Trustee is to file a proposed confirmation order if the plan is otherwise confirmable.

*Joel B. Rosenthal*

Dated:  February 6, 2008        _____
                                Joel B. Rosenthal
                                United States Bankruptcy Judge.

---

[1] The one year limit also set forth in Rule 60(c)(1) does not apply to motions under Rule 60(b)(5), which the Court deeds the Motion to be.

[2] Counsel's lack of attention is further compounded by his failure to appear at the February 5, 2008 hearing on the Motion.